UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-208-FDW
(3:12-cr-188-FDW-19)

| | |
|---|---|
| WILLIAM LEWIS DONTARS MEEKS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Supplemental Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 12), and on the Government's Motion to Dismiss, (Doc. No. 15).[1] Petitioner is represented by Brian Aus. Petitioner contends that he is entitled to sentencing relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

I.    BACKGROUND

A federal grand jury indicted Petitioner William Lewis Dontars Meeks in May 2012, charging him with conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d). (Crim. Case No. 3:12cr188, Doc. No. 280: Superseding Bill of Indictment). Petitioner was also charged with conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); use of a communication facility in furtherance of a drug-trafficking offense, in violation of 21 U.S.C. § 843(b); six counts of distribution of powder cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §

---

[1] As discussed, infra, Petitioner filed an original motion to vacate, pro se, on May 7, 2015. This Court scheduled an evidentiary hearing on two of Petitioner's claims raised in the original motion to vacate. On March 30, 2016, however, Petitioner, through counsel Brian Aus, withdrew the original motion to vacate and agreed to proceed solely on the Johnson claim in the supplemental motion to vacate. (Doc. Entry dated Mar. 30, 2016).

1

2; three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951. (Id.). The Government filed an Information in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that it intended to seek enhanced penalties based on Petitioner's two prior convictions for felony drug offenses. (Id., Doc. No. 223: Information to Establish Prior Conviction).

On October 3, 2013, Petitioner entered into a plea agreement with the United States and pleaded guilty to the drug-trafficking-conspiracy offense, one felon-in-possession offense, and one substantive drug-trafficking offense. (Id., Doc. No. 631 at ¶ 1: Plea Agreement; Doc. No. 644: Acceptance and Entry of Guilty Plea). In exchange, the Government agreed to dismiss the remaining counts against Petitioner and to file an amended § 851 Information, seeking an enhanced penalty based on only one of Petitioner's two prior convictions for felony drug offenses. (Id., Doc. No. 631 at ¶¶ 2, 7(b)). The parties also stipulated that Petitioner was responsible for more than 28 but less than 112 grams of crack cocaine for purposes of calculating the advisory Sentencing Guidelines range of imprisonment. (Id. at ¶ 7(a)). In the parties' agreement, Petitioner acknowledged that "if the Probation Office determine[d] from [his] criminal history that U.S.S.G. § 4B1.1 (Career Offender) or U.S.S.G. § 4B1.4 (Armed Career Criminal) applie[d], such provision may be used in determining the sentence." (Id. at ¶ 7(e)). In exchange for the concessions made by the Government, Petitioner agreed to waive his right to contest his conviction or sentence based on 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 18-19).

The probation office prepared a presentence report in which the probation officer calculated an adjusted offense level of 30 based on Petitioner's offense characteristics. (Id., Doc.

No. 783 at ¶ 83). The probation officer also determined that Petitioner qualified as a career offender under Sentencing Guidelines § 4B1.1, elevating his adjusted offense level to 37. (Id. at ¶ 84). The probation officer noted that Petitioner also qualified as an armed career criminal under 18 U.S.C. § 924(e) and Sentencing Guidelines § 4B1.4 for purposes of the felon-in-possession offense. (Id. at ¶ 85). This enhancement, however, would have yielded an adjusted offense level of 34, lower than the offense level based on the career-offender guideline. See U.S.S.G. § 4B1.4(b)(1)(3)(A) (2013). Based on a total offense level, after a reduction for acceptance of responsibility, of 34 and a criminal-history category of VI, the probation officer calculated an advisory Sentencing Guidelines range of between 262 and 327 months in prison. (Id., Doc. No. 783 at ¶ 179).

Before sentencing, the Government dismissed all counts except for the drug-trafficking-conspiracy and felon-in-possession counts. (Id., Docket Entry 4/9/14). The Government also filed a motion for a downward departure under 18 U.S.C. § 3553(e). (Id., Doc. No. 786). This Court granted the Government's motion and departed downward to an offense level 27, for an advisory range of between 130 and 162 months in prison. (Id., Doc. No. 840 at 4). The Court sentenced Petitioner to 130 months in prison on both the drug-conspiracy and felon-in-possession counts, to be served concurrently. (Id., Doc. No. 839 at 2: Judgment). Judgment was entered on April 23, 2014. (Id.).

Petitioner did not appeal but filed his original motion to vacate, pro se, under 28 U.S.C. § 2255 on May 7, 2015. (Civ. Case No. 3:15cv208, Doc. No. 1). Petitioner filed a supplemental motion to vacate through counsel Brian Aus on March 24, 2016, arguing that, based on Johnson, he was improperly sentenced as a career offender and an armed career criminal. (Id., Doc. No. 12). On March 30, 2016, Petitioner withdrew his original motion to vacate and decided to

3

proceed only on the claim presented in his supplemental motion based on <u>Johnson</u>. (<u>Id.</u>, Docket Entry 3/30/16).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted, Petitioner supplemented his motion to vacate to bring the sole remaining claim, in which he seeks sentencing relief in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act unconstitutionally vague. On May 4, 2017, the Government submitted a response and motion to dismiss following the Supreme Court's decision in <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017). The Government first contends that <u>Beckles</u> forecloses Petitioner's <u>Johnson</u> claim. The Court agrees. In <u>Beckles</u>, the Court rejected a due process challenge to the career offender guideline, holding that "the advisory Guidelines are not subject to vagueness challenges." <u>Beckles</u>, 137 S. Ct. at 890. Petitioner's challenge to his career-offender classification fails under <u>Beckles</u>. Additionally, as the record establishes, Petitioner's sentence was determined based on his classification as a

4

career offender, not based on his classification as an armed career criminal.[2]  For this reason alone, Petitioner's motion to vacate will be dismissed.

Petitioner's motion to vacate will also be dismissed because he waived his right to seek post-conviction relief, except on the bases of ineffective assistance of counsel or prosecutorial misconduct, and he does not assert either type of claim in his supplemental motion.  The language and meaning of Petitioner's post-conviction waiver are "clear and unmistakable." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).  The waiver plainly includes within its scope Petitioner's challenge to his sentence based on an alleged constitutionally erroneous application of the career-offender guideline or the armed-career-criminal sentence enhancement. Blick, 408 F.3d at 173 (holding that a constitutional challenge to a sentence under Booker fell within the scope of a valid waiver); United States v. Brown, 232 F.3d 399, 404 (4th Cir. 2000) (holding, before Booker, that an appeal waiver "precludes a claim that the given sentence resulted from a misapplication of the Guidelines").  Petitioner does not challenge this Court's finding that his guilty plea was voluntary and intelligent.  See Bousley v. United States, 523 U.S. 614, 621 (1998).  Moreover, because Petitioner's felon-in-possession sentence is the same length as his drug-trafficking sentence, he cannot show that application of the armed-career-criminal enhancement resulted in a miscarriage of justice.  Cf. United States v. Adams, 814 F.3d 178, 183 (4th Cir. 2016) (holding that the defendant's undisputed claim of factual innocence fell outside his appeal waiver because enforcement of the waiver would have resulted in a miscarriage of justice).

---

[2]  Petitioner has not identified any collateral consequences stemming from his status as an armed career criminal and, instead, challenges only his custodial sentence.  (See id.).

5

Finally, this Court additionally finds that, under the collateral sentence doctrine, even if this Court improperly classified Petitioner as an armed career criminal, his sentence must be affirmed because Beckles forecloses relief from the career-offender enhancement, and Petitioner has failed to identify any collateral consequence resulting from his classification as an armed career criminal.  See United States v. Bradley, 644 F.3d 1213, 1294 (11th Cir. 2011) (declining to address defendant's challenge to his sentence on one count of conviction where the court affirmed a concurrent sentence because the defendant's "ultimate term of imprisonment would not change even were [the court] to find error" and the defendant would suffer "no adverse collateral consequences"); United States v. Harris, 695 F.3d 1125, 1139 (10th Cir. 2012) (declining to review challenge to sentence on one count of conviction where defendant did not challenge concurrent sentences on other counts); United States v. Hill, 859 F.2d 325, 326 (4th Cir. 1988) (explaining that the concurrent sentence doctrine "provides that where a defendant is serving concurrent sentences and one conviction is shown to be valid, the court may decline to pass upon the validity of the other conviction" with "a showing that the defendant will suffer no harm by letting both the valid and unreviewed convictions stand"); United States v. Bowdach, 501 F.2d 220, 228 (5th Cir. 1974) (declining to review defendant's argument challenging conviction under concurrent sentence doctrine where the court upheld concurrent sentence on another count).

In sum, for the reason stated herein, the Court denies and dismisses Petitioner's motion to vacate his sentence.

## IV.   CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Supplemental Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**. To this extent, the Government's Motion to Dismiss, (Doc. No. 15), is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 9, 2017

Frank D. Whitney
Chief United States District Judge